UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MILES E PARTMAN,<br><br>                    Plaintiff,<br>    v.<br><br>CITY OF SEATTLE et al.,<br><br>                    Defendant(s). | CASE NO. 2:22-cv-01516-TL<br><br>ORDER DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND |

This matter comes before the Court *sua sponte* on Plaintiff's complaint alleging violations of human trafficking laws. Having reviewed Plaintiff's Amended Complaint, and the remaining record, the Court finds that Plaintiff fails to state a claim upon which relief may be granted. The Court also finds that further amendment would be futile and DISMISSES the Amended Complaint.

I.   PROCEDURAL BACKGROUND

On October 25, 2022, Plaintiff Miles Edward Partman filed a *pro se* complaint against (1) the City of Seattle; (2) Working Washington, a local non-profit organization; (3) Uber

1   Technologies; and (4) the State of Washington (collectively, "Defendants"). Dkt. No. 1-1.

2   Plaintiff also filed an application to proceed *in forma pauperis* (Dkt. No. 1), which was granted

3   (Dkt. No. 3), and his Complaint was filed on the docket (Dkt. No. 4). On October 28, before

4   summonses were issued, Plaintiff requested leave to amend his Complaint (Dkt. No. 7) and filed

5   two motions for temporary restraining orders against the City of Seattle and the Seattle Police

6   Department[1] (Dkt. Nos. 5, 6). At this stage of the litigation, Federal Rule of Civil Procedure 15

7   allows Plaintiff to amend his Complaint once without having to get the Court's permission. As

8   such, Plaintiff's Amended Complaint was filed on the docket that same day. Dkt. No. 8. An

9   amended complaint supersedes and completely replaces the original complaint. *See Hal Roach*

10  *Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir.1990) ("an amended pleading

11  supersedes the original"); *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967) (same).

12      Since filing his Amended Complaint, Plaintiff has filed two additional motions for

13  preliminary injunctive relief against Seattle (Dkt. No. 9) and Uber (Dkt. No. 10).

## II.   DISCUSSION

15      The Court's authority to grant *in forma pauperis* status comes from 28 U.S.C. § 1915.

16  Upon permitting a plaintiff to proceed *in forma pauperis*, the Court is subject to the requirements

17  set forth under 28 U.S.C. § 1915(e)(2)(B). Among these requirements is the Court's duty to

18  dismiss a complaint that fails to state a claim upon which relief may be granted. *See* 28 U.S.C.

19  § 1915(e)(2)(B); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection

20  1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners").

21      "The legal standard for dismissing a complaint for failure to state a claim under 28 U.S.C.

22  § 1915(e)(2)(B)(ii) is the same as when ruling on dismissal under Federal Rule of Civil

---

[1] The Court notes that the Seattle Police Department was not named by Plaintiff as a Defendant in this case.

ORDER DISMISSING AMENDED COMPLAINT WITHOUT LEAVE TO AMEND - 2

Procedure 12(b)(6)." *Day v. Florida*, 2014 WL 1412302, at *4 (W.D. Wash. Apr. 10, 2014) (citing *Lopez*, 203 F.3d at 1129). Rule 12(b)(6) requires the court to assume the truth of the complaint's factual allegations and credit all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). The plaintiff must point to factual allegations that "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 568 (2007). Where a plaintiff proceeds *pro se*, the court must construe the plaintiff's complaint liberally. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1011 (9th Cir. 2011) (citing *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)). If a plaintiff fails to meet the plausibility standard, the court is permitted to dismiss for failure to state a claim. Generally, courts will allow a *pro se* plaintiff to amend a complaint in lieu of dismissal unless amendment would be futile because no set of facts can cure the deficiencies. *Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017).

Here, the Court understands Plaintiff to raise a claim under the Trafficking Victims Protection Act ("TVPA").[2] Dkt. No. 8. Plaintiff argues that he is unable to make a living wage as a gig worker, equating his reliance on gig apps to involuntary servitude as defined by the TVPA. *Id.* Plaintiff further argues that Uber fails to pay premium wages allegedly required by a Seattle ordinance and speculates that Seattle intends to allow that ordinance to expire, which would make it even more difficult for him to make a living wage. *Id.* Finally, Plaintiff also challenges the legality of recently passed state legislation related to gig economy workers for which Working Washington lobbied. Plaintiff asks the Court to (1) make Uber pay damages for the allegedly unpaid premium wages, (2) force Seattle to reauthorize and enforce the premium pay ordinance, and (3) block the new state law from taking effect in 2023. *Id.*

---

[2] Plaintiff cites 22 U.S.C. § 7201, which defines terms related to agricultural trade sanctions. The Court assumes this is a transposition error in typing, as the definitions section of the TVPA is found at 22 U.S.C. § 7102.

   The TVPA defines "involuntary servitude" as "(A) any scheme, plan, or pattern intended to cause a person to believe that, if the person did not enter into or continue in such condition, that person or another person would suffer serious harm or physical restraint; or (B) the abuse or threatened abuse of the legal process." 22 U.S.C. § 7102(8). The term "abuse or threatened abuse of the legal process" means "the use or threatened use of a law or legal process, whether administrative, civil, or criminal, in any manner or for any purpose for which the law was not designed, in order to exert pressure on another person to cause that person to take some action or refrain from taking some action." 22 U.S.C. § 7102(1). For example, using "physical force, threats of force, sexual assault and debt bondage to keep the victims in involuntary servitude" can be found to have violated the TVPA. *See, e.g.*, Press Release, Office of Public Affairs, *Five Brothers Charged in Human Trafficking Scheme That Smuggled Young Ukrainian Migrants* (Wednesday, June 30, 2010), https://www.justice.gov/opa/pr/five-brothers-charged-human-trafficking-scheme-smuggled-young-ukrainian-migrants. Similarly, an employer who threatens to call the police or immigration authorities if an immigrant employee attempts to leave a job site or quit their job might be guilty of violating the TVPA. *See, e.g.*, Press Release, *EEOC Resolves Slavery and Human Trafficking Suit Against Trans Bay Steel for an Estimated $1 Million* (Dec. 8, 2006), https://www.eeoc.gov/newsroom/eeoc-resolves-slavery-and-human-trafficking-suit-against-trans-bay-steel-estimated-1.

   Here, Plaintiff's Amended Complaint makes clear that he relies on gig apps to make a living. Dkt. No. 8. That said, nothing in the Amended Compliant indicates that any of the Defendants ever *intended* to cause Plaintiff to believe that he would "suffer serious harm or physical restraint" at their hands if he stopped using the gig apps. Although the Court is sensitive to the fact that Plaintiff may not have any other sources of income—and may consequently suffer serious harm if he lost that income—the decisive fact here is that Plaintiff's reliance on gig apps

is entirely voluntary, and therefore cannot form the basis of an *involuntary* servitude claim. Further, nothing in the TVPA allows a court to address Plaintiff's concerns with local ordinances or state laws regarding wages.

Pursuant to § 1915(e)(2)(B)(ii), the Court must therefore dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted. Finding further that amendment would be futile, as no set of facts could cure the deficiency, the Court DISMISSES Plaintiff's Amended Complaint without leave to further amend. As such, the Court STRIKES AS MOOT all pending motions. The Clerk shall enter judgment consistent with this order.

Dated this 2nd day of November 2022.

Tana Lin
United States District Judge