**Miles Edward Partman**
**Plaintiff**
**Vs**
**City Of Seattle**
**State Of Washington**
**Uber Technologies**
**case 2:2201516T**

```
_____ FILED      _____ ENTERED
_____ LODGED     _____ RECEIVED

        NOV 14 2022    JC

        AT SEATTLE
   CLERK U.S. DISTRICT COURT
 WESTERN DISTRICT OF WASHINGTON
BY                         DEPUTY

2:22-cv-1516-TL
```

## Motion To Appeal Court Decision November 2nd 2022

The court made a decision on November 2nd 2022. It may have not been courts intention but you legalized human trafficking under. Certain. subsection of human trafficking in the future including but not limited to 22 USC 7201 under Debt bondage, coercion,
Under 18 USC 1589 related to forced labor defined as human trafficking under deceptive practices and coercion and little pay. ]


Mentioned in the complaint and with resolution was to keep uber and other gig apps from breaking the federal law. Via Human trafficking under its many subsections. The TRO and temp $7.25 base pay was supposed to be granted to stop immediate law breaking by gig apps with 10 dollar solution that could Of been updated as national consumer inflation rate desires at the court discretion. I ask the court reconsider their actions on this case or it will be gig apps ultimate defense against pay related issues. Ultimately making human trafficking legal related to gig apps, Forced labor and debt bondage ect. human trafficking federal law will become unenforceable and not prosecutable which ultimately will make all or part of the subsections of human trafficking legal in the united states. It also violates my rights as human trafficking victim under TVPA 2000 under legal remedy after 2003. Civil action can be brought against your human trafficker.
Under Department Of Justice definition of intent uber has been sued before successfully by city of Seattle for deceptive practices under its sick pay and gig pay ordinance. Also, it has shown for over a year that. Uber didn't follow the law related to Seattle premium pay in its entirety by not paying people batch pay. If lawsuit succedes on its merits like City Of Seattle did And uber was the defendant in the lawsuit. The average reasonable person at their company would look over everything and make sure they were following every city of Seattle law to not get sued again. Also considering every federal regulation as uber has follow those 2. Uber has existed for over 12 years and has lost 161 million dollars in lawsuits.

Intent is defined as acts to commit a crime. Three types of criminal intent exist: (1) general intent, which is presumed from the act of commission (such as speeding); (2)

specific intent, which requires preplanning and predisposition (such as burglary); and (3) constructive intent, the unintentional results of an act

By the pattern of evidence including records from uber not following the law for 2 years and getting sued successfully by city of Seattle and constructive evidence / intent. Of what uber little pay does. Which resulted in homelessness and psychological coercing

I would believe as reasonable person that over ten pages of evidence/ records and results would show constructive intent and general intent when uber keeps not following laws. Hoping no one will notice yet city of Seattle has sued them
By show of evidence by uber via its records of misleading behavior over 2 years and. It getting sued by City of Seattle successfully. you would say court overturned the 13th amendment for non-wage earners . By virtue of 13th amendment reads

Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

Under. 18 U.S.C. § 1001 requires that the false statement, concealment or cover up be "knowingly and willfully" done, which means that "The statement must have been made with an intent to deceive, a design to induce belief in the falsity or to mislead, but § 1001 does not require an intent to defraud -- that is, the intent to deprive someone of something by means of deceit."

Uber deceived thousands of people out of $1.25 base pay for 2 years by only following face value of the Seattle premium pay law and not the entire law Also in that time frame and continued after to violate Seattle premium pay law after it already been sued by city of Seattle for another law . It also paid people little as possible to make maximum profit. Which you expect a business to do but not at the expense of its. People Doing services for them. Which provides intent for little pay and human trafficking and a reasonable person would look at that as human trafficking with deeper. Concept violates 13th amendment. Uber obviously. Engaged in deceptive practices for years and little pay you can't survive on to maximize its profits at 8 billion dollars. You see the results. You see the evidence of intent . Which lead. To profit gains which results in human trafficking. You see what the law says and you see multiple way uber runs its business. With deceit in the business plan. You seen what Uber little pay does at the risk of their gig workers via psychological coercern and deceptive business practices and more

Signed Miles Edward Partman


An official website of the United States government
Here's how you know


THE UNITED STATES
DEPARTMENT OF JUSTICE
ARCHIVES
This is archived content from the U.S. Department of Justice website. The information here may be outdated and links may no longer function. Please contact webmaster@usdoj.gov if you have any questions about the archive site.

## 910. KNOWINGLY AND WILLFULLY

The prohibition of 18 U.S.C. § 1001 requires that the false statement, concealment or cover up be "knowingly and willfully" done, which means that "The statement must have been made with an intent to deceive, a design to induce belief in the falsity or to mislead, but § 1001 does not require an intent to defraud -- that is, the intent to deprive someone of something by means of deceit." *United States v. Lichenstein*, 610 F.2d 1272, 1276-77 (5th Cir.), *cert. denied*, 447 U.S. 907 (1980). The government may prove that a false statement was made "knowingly and willfully" by offering evidence that defendants acted deliberately and with knowledge that the representation was false. *See United States v. Hopkins*, 916 F.2d 207, 214 (5th Cir. 1990). The jury may conclude from a plan of elaborate lies and half-truths that defendants deliberately conveyed information they knew to be false to the government. *Id.* at 214-15.

As used in the statute, the term "knowingly" requires only that the defendant acted with knowledge of the falsity. *See United States v. Lange*, 528 F.2d 1280, 1287-89 (5th Cir. 1976). As in other situations, to commit an act "knowingly" is to do so with knowledge or awareness of the facts or situation, and not because of mistake, accident or some other innocent reason. *See Fifth Circuit Pattern Jury Instructions*, § 1.35 (1990). Knowledge of the criminal statute governing the conduct is not required.

The false statement need not be made with an intent to defraud if there is an intent to mislead or to induce belief in its falsity. Reckless disregard of whether a statement is true, or a conscious effort to avoid learning the truth, can be construed as acting "knowingly." *United States v. Evans*, 559 F.2d 244, 246 (5th Cir. 1977), *cert. denied*, 434 U.S. 1015 (1978).

A defendant is not relieved of the consequences of a material misrepresentation by lack of knowledge when the means of ascertaining truthfulness are available. In appropriate circumstances, the government may establish the defendant's knowledge of falsity by proving that the defendant either knew the statement was false or acted with a conscious purpose to avoid learning the truth. *See United States v. West*, 666 F.2d 16, 19 (2d Cir. 1981); *Lange*, 528 F.2d at 1288; *United States v. Clearfield*, 358 F. Supp. 564, 574 (E.D. Pa. 1973). Proof that the defendant acted with reckless disregard or reckless indifference may therefore satisfy the knowledge requirement, when the defendant makes a false material statement and consciously avoids learning the facts or intends to deceive the government. *See United States v. Schaffer*, 600 F.2d 1120, 1122 (5th Cir. 1979).

The term "willfully" means no more than that the forbidden act was done deliberately and with knowledge, and does not require proof of evil intent. *McClanahan v. United States*, 230 F.2d 919, 924 (5th Cir. 1955), *cert. denied*, 352 U.S. 824 (1956); *McBride v. United States*, 225 F.2d 249, 255 (5th Cir. 1955), *cert. denied*, 350 U.S. 934 (1956). An act is done "willfully" if done voluntarily and intentionally and with the specific intent to do something the law forbids. There is no requirement that the government show evil intent on the part of a defendant in order to prove that the act was done "willfully." *See generally United States v. Gregg*, 612 F.2d 43, 50-51 (2d Cir. 1979); *American Surety Company v. Sullivan*, 7 F.2d 605, 606 (2d Cir. 1925)(Hand, J.); *United States v. Peltz*, 433 F.2d 48, 54-55 (2d Cir. 1970),*cert. denied*, 401 U.S. 955 (1971) (involving 15 U.S.C. § 32(a). *See also* 1 E. Devitt, C. Blackmar, M. Wolff & K. O'Malley, *Federal Jury Practice and Instructions*, § 17.05 (1992).

[cited in JM 9-42.001]

‹ 909. False Statement                                    up                                    911. Materiality ›

≡ An official website of the United States government, Department of Justice.
Here's how you know



**U.S. DEPARTMENT OF JUSTICE**
**OFFICE OF JUSTICE PROGRAMS**

Home / About NCJRS / Virtual Library

# Element of Intent in Criminal Law

**NCJ Number:** 75350
**Date Published:** 1975
**Length:** 0 pages

### Annotation
This instructional package based on the California criminal code consists of an audio cassette tape, a film strip, and paper-and-pencil tests.

### Abstract
The mental element in the commission of criminal acts--intent--is discussed and illustrated with examples portrayed from investigating officers' perspectives. Criminal intent is defined as the resolve or determination with which a person acts to commit a crime. Three types of criminal intent exist: (1) general intent, which is presumed from the act of commission (such as speeding); (2) specific intent, which requires preplanning and presdisposition (such as burglary); and (3) constructive intent, the unintentional results of an act (such as a pedestrian death resulting from the actions of a negligent driver). Each instructional section of the tape is followed by a brief fill-in-the-blank test; answers are provided for instructors and are given to trainees by the tape. Questions include applications of the penal code to specific types of criminal acts and classification of specific crimes by the type of intent ivolved. The package is designed to be used for individualized instruction. A workbook which includes the tests, a posttest, and an overview of the unit is provided along with test keys for the instructor's use.

### Additional Details


An official website of the United States government
Here's how you know


THE UNITED STATES
DEPARTMENT OF JUSTICE
ARCHIVES
This is archived content from the U.S. Department of Justice website. The information here may be outdated and links may no longer function. Please contact webmaster@usdoj.gov if you have any questions about the archive site.

## 948. INTENT TO DEFRAUD

The government must prove that the defendant had the specific intent to defraud. *See United States v. Diggs*, 613 F.2d 988, 997 (D.C. Cir. 1979) ("Because only 'a scheme to defraud' and not actual fraud is required, proof of fraudulent intent is critical."), *cert. denied*, 446 U.S. 982 (1980); *see also United States v. Costanzo*, 4 F.3d 658, 664 (8th Cir. 1993) (intent is an essential element, inquiry is whether defendants intended to defraud); *United States v. Porcelli*, 865 F.2d 1352, 1358 (2d Cir.) (specific intent requires intent to defraud, not intent to violate the statute), *cert. denied*, 493 U.S. 810 (1989); *cf. United States v. Reid*, 533 F.2d 1255, 1264 n. 34 (D.C. Cir. 1976) ("Proof that someone was actually defrauded is unnecessary simply because the critical element in a 'scheme to defraud' is 'fraudulent intent,' *Durland v. United States*, 161 U.S. 306 . . . (1896), and therefore the accused need not have succeeded in his scheme to be guilty of the crime."); *United States v. Bailey*, 859 F.2d 1265, 1273 (7th Cir. 1988) (court held that there must be sufficient evidence that the defendant acted with intent to defraud, that is, "willful participation in [the] scheme with knowledge of its fraudulent nature and with intent that these illicit objectives be achieved." (quoting *United States v. Price*, 623 F.2d 587, 591 (9th Cir. 1980), *cert. denied*, 449 U.S. 1016 (1980), *overruled on other grounds by, United States v. DeBright*, 730 F.2d 1255 (9th Cir. 1984)), *cert denied*, 488 U.S. 1010 (1989).

[cited in JM 9-43.100]

‹ 947. Fiduciary Duty	up	949. Proof of Fraudulent Intent ›

*Updated January 21, 2020*

Marie Pittman
11/14/22