UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MILES E PARTMAN, | CASE NO. 2:22-cv-01516-TL |
| Plaintiff, | |
| v. | ORDER REVOKING *IN FORMA PAUPERIS* |
| CITY OF SEATTLE et al., | |
| Defendants. | |

This matter is before the Court on referral from the United States Court of Appeals for the Ninth Circuit. Dkt. No. 19. The Ninth Circuit has referred this matter back to the Court to determine if *in forma pauperis* ("IFP") status should continue for Plaintiff Miles Edward Partman's appeal of this Court's order and judgment dismissing his case for failure to state a claim upon which relief may be granted. *See* Dkt. Nos. 12-13. The Court finds Plaintiff's appeal to be frivolous and therefore ORDERS his *in forma pauperis* status REVOKED.

Mr. Partman originally filed his case with an application to proceed IFP. Dkt. No. 1. The Honorable Judge Tsuchida granted him IFP status with a recommendation that the complaint be

reviewed under 28 U.S.C. § 1915(e)(2)(B) before issuance of summons. Dkt. No. 3.

Mr. Partman's original Complaint was then filed (Dkt. No. 4) raising claims against (1) the City

of Seattle; (2) Working Washington, a local non-profit organization; (3) Uber Technologies; and

(4) the State of Washington (collectively, "Defendants"). Before summonses were issued,

Plaintiff requested leave to amend his Complaint (Dkt. No. 7) and filed two motions for

temporary restraining orders against the City of Seattle and the Seattle Police Department (Dkt.

Nos. 5, 6). Pursuant to Federal Rule of Civil Procedure 15, Plaintiff's Amended Complaint was

filed on the docket as a matter of course. Dkt. No. 8. Plaintiff then filed two additional motions

for preliminary injunctive relief against Seattle (Dkt. No. 9) and Uber (Dkt. No. 10).

In his Amended Complaint, Plaintiff asserted claims under the Trafficking Victims

Protection Act ("TVPA"). Dkt. No. 8. Plaintiff alleged that his inability to make a living wage as

a gig worker equated to involuntary servitude as defined by the TVPA. *Id.* Plaintiff further

alleged that Uber failed to pay premium wages allegedly required by a Seattle ordinance and

speculated that Seattle intended to allow that ordinance to expire, which would make it even

more difficult for him to make a living wage. *Id.* Finally, Plaintiff also made allegations related

to gig worker regulations recently passed by the state legislature for which Working Washington

lobbied. Mr. Partman did not make any specific claim for unpaid wages or directly challenge the

state statute—claims that would be more appropriately raised in state court. Instead, Mr. Partman

specifically limited his claims to the TVPA. Dkt. No. 8; *see also* Dkt. No. 7.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), the Court determined that Plaintiff's

Complaint failed to state a claim upon which relief may be granted and dismissed the Complaint

without leave to amend because no set of facts could cure the deficiency. Dkt. No. 12. The Court

entered judgment against Plaintiff accordingly. Dkt. No. 13. Plaintiff then appealed to the Ninth

Circuit. *See* Dkt. No. 17. Plaintiff also filed several motions for miscellaneous post-judgment relief. *See* Dkt. Nos. 14-16.

The Ninth Circuit referred the matter back to this Court "for the limited purpose of determining whether in forma pauperis status should continue for this appeal or whether the appeal is frivolous or taken in bad faith" pursuant to 28 U.S.C. § 1915(a)(3). Dkt. No. 19. A good faith appeal must seek review of at least one "non-frivolous" issue or claim. *Hooker v. Am. Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002). A frivolous claim "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Plaintiff seeks review of his claim that he has been subject to human trafficking under the TVPA and asserts that the Court has invalidated that act, rendering all human trafficking legal, by dismissing his case. Dkt. No. 17 at 1. This claim has no merit. As the Court explained, Mr. Partman cannot assert facts to sustain his TVPA claim because his reliance on gig apps as a primary source of income is voluntary, and he fails to show "that any of the Defendants ever intended to cause Plaintiff to believe that he would 'suffer serious harm or physical restraint' at their hands if he stopped using the gig apps." Dkt. No. 12 at 4 (quoting the TVPA definition of involuntary servitude); *see also* 22 U.S.C. § 7102(8).

Since Plaintiff's claim does not have an "arguable basis either in law or fact," *Neitzke*, 490 U.S. at 325, the Court ORDERS Plaintiff's IFP status REVOKED for the purpose of appeal pursuant to 28 U.S.C. 1915(a)(3).

Additionally, because Plaintiff filed an appeal, control of this case has been transferred to the appellate court, and this Court no longer has control over the aspects of the case involved in the appeal. *Rodriguez v. Cnty. of Los Angeles*, 891 F.3d 776, 790 (9th Cir. 2018) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). Therefore, the Court STRIKES Plaintiff's motions for miscellaneous relief (Dkt. Nos. 14-16) and STAYS all further action in this

case pending final resolution of Mr. Partman's appeal. If Mr. Partman's appeal is successful, and his case is remanded to this Court for further proceedings, then Mr. Partman may refile his motions at that time. Otherwise, this case will remain closed, and no further action will be taken by the Court except as authorized by the Federal Rules of Civil Procedure.

The Clerk shall provide a copy of this order to all parties and the U.S. Court of Appeals for the Ninth Circuit.

Dated this 23rd day of November 2022.

Tana Lin
United States District Judge